IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William J. Almond, ) | |
| ) | |
| Petitioner, ) | Case No. 8:14-cv-01194-BHH-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Warden Braggs, ) | |
| ) | |
| Respondent.[1] ) | |
| _____) | |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 18.] Petitioner, proceeding pro se, is a federal prisoner seeking relief pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 27, 2014.[2] [Doc. 1.] On June 16, 2014, Respondent filed a motion for summary judgment. [Doc. 18.] On June 17, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Petitioner was advised to respond to the motion and of the possible consequences if he failed to adequately respond. [Doc. 19.] Petitioner's response in opposition was filed on July 17, 2014 [Doc. 26], and additional attachments to Petitioner's response were filed on December 22, 2014 [Doc. 28].

---

[1] By Order filed April 16, 2014, Charles E. Samuels, Jr., was terminated as a Respondent in the present action.

[2] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on March 27, 2014. [Doc. 1-1 (envelope stamped by correctional institution on March 27, 2014).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion be granted and the Petition be denied.

## BACKGROUND

Currently, and at the time he filed the Petition, Petitioner is incarcerated at Federal Correctional Institution Bennettsville. [Doc. 1 at 1.] On March 6, 2007, pursuant to a plea agreement, Petitioner was sentenced to a 324-month term of federal imprisonment by the United States District Court for the Eastern District of North Carolina ("North Carolina District Court"), for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and for the distribution of more than five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). [Doc. 18-2 at 47.] The sentencing transcript shows that Petitioner's sentence was enhanced under the career offender guidelines and the armed career criminal guidelines as a result of three prior applicable convictions. [Doc.18-2.] Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed the North Carolina District Court's order and denied the petition on December 18, 2007. *United States v. Almond*, 257 F. App'x 697 (4th Cir. 2007). The Supreme Court denied Petitioner's petition for writ of certiorari on March 31, 2008. *Almond v. United States*, 552 U.S. 1301 (2008).

**North Carolina District Court Proceedings**

On February 19, 2009, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the North Carolina District Court. [Eastern District of North Carolina No. 5:06-CR-00184-D-1, Docket Entry 53.][3] The court dismissed Petitioner's petition and denied a

---

[3]It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may

certificate of appealability. [Doc. 18-3.] Petitioner appealed, and on March 1, 2011, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. *United States v. Almond*, 413 F. App'x 670 (4th Cir. 2011). On January 9, 2012, the Supreme Court denied a petition for writ of certiorari. *Almond v. United States*, 132 S. Ct. 999 (2012).

On June 28, 2011, the North Carolina District Court granted Petitioner's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and re-sentenced Petitioner to a 300-month term of federal imprisonment. [Eastern District of North Carolina No. 5:06-CR-00184-D-1, Docket Entry 85.] Petitioner appealed, and the Fourth Circuit Court of Appeals affirmed the North Carolina District Court's ruling. *United States v. Almond*, 460 F. App'x 275 (4th Cir. 2012).

On August 20, 2012, Petitioner filed a pro se motion to preserve any claim under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[4] [Eastern District of North Carolina No. 5:06-CR-00184-D-1, Docket Entry 99.] On October 17, 2012, Petitioner filed a *Writ of Coram Nobis*. [*Id.*, Docket Entry 105.] The North Carolina District Court granted the government's motion to dismiss on May 29, 2013, finding that Petitioner's pro se motion was a successive § 2255 motion because it challenged the validity of his sentence

---

properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[4]The Court in *Simmons* applied the holding of *Carachuri–Rosendo v. Holder*, 130 S.Ct. 2577 (2010), to address North Carolina's unique sentencing scheme, and held that for a prior North Carolina conviction to serve as a predicate felony offense, an individual must have been convicted of an offense for which that particular defendant, rather than a hypothetical worse-case scenario defendant, could have been sentenced to a term exceeding one year. *Simmons*, 649 F.3d at 243–47.

and, accordingly, Petitioner was required to receive permission from the Fourth Circuit Court of Appeals to file a successive motion under § 2255. [Doc. 18-4.] The North Carolina District Court also found that Petitioner's *Writ of Coram Nobis* was inapplicable because Petitioner was still in custody. [*Id.*] Petitioner appealed, and on October 9, 2013, the Fourth Circuit Court of Appeals affirmed the dismissal of his *Writ of Coram Nobis* and declined to issue a certificate of appealability. [Eastern District of North Carolina No. 5:06-CR-00184-D-1, Docket Entry 113.]

On January 2, 2014, Petitioner filed another petition pursuant to § 2255, or in the alternative, pursuant to § 2241 or *audita querela*. [*Id.*, Docket Entry 118.] On January 21, 2014, the North Carolina District Court dismissed for lack of jurisdiction for failure to obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 and denied a certificate of appealability. [*Id.*, Docket Entry 121] Petitioner filed a motion for reconsideration and the North Carolina District Court denied for lack of merit. [*Id.*, Docket Entry 125.]

**Instant Petition for Habeas Corpus**

On March 27, 2014, Petitioner filed in this Court a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[5] [Doc. 1.] Petitioner asserts he no longer qualifies for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924, because his prior conviction in North Carolina for breaking and entering no longer qualifies as a predicate offense under the ACCA in light of the Fourth Circuit Court of Appeal's

---

[5] A petition filed pursuant to § 2241 must be filed by the prisoner in the district of his confinement, 28 U.S.C. § 2242; therefore, because Petitioner is currently confined at FCI Bennettsville [Doc. 1 at 1], he must file his § 2241 petition in the United States District Court for the District of South Carolina.

4

decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).  [Docs. 1 at 8; 26 at 2.]  Petitioner also argues he no longer qualifies for a sentence enhancement under the career offender guidelines, U.S.S.G. 4B1.1, because Petitioner's two prior convictions for assault and battery in Virginia do not qualify as crimes of violence.  [Doc. 1 at 8.]  Finally, Petitioner contends he is actually innocent of his conviction for possession of a firearm by a convicted felon under § 922(g) because Petitioner has no qualifying predicate convictions.  [*Id.* at 9]  Petitioner seeks to be re-sentenced without the ACCA and career offender enhancements and to vacate his conviction under § 922(g).  [*Id.* at 9–10.]  Petitioner alleges that he meets the criteria of the savings clause of § 2255(e).  [Doc. 26 at 2.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the petitioner's legal arguments for him.  *Small v. Endicott*, 998 F.2d

411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion for Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at

252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241

is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"). A petition pursuant to § 2241 challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997)); *see also Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

## **DISCUSSION**

Respondent argues that the motion for summary judgment should be granted because Petitioner is truly filing a successive motion pursuant to § 2255 and he fails to satisfy the savings clause of § 2255. [Doc. 18-1 at 5.] The Court agrees.

**Sentence Enhancement**

Petitioner challenges the enhancement of his sentence under the ACCA and the career offender guidelines. [Doc. 1 at 8.] However, Petitioner fails to establish that the Court should allow him to proceed under § 2241.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). A petitioner cannot challenge his federal conviction and sentence under § 2241, unless he can satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice*, 617 F.3d at 807 (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Section 2255 is inadequate or ineffective if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 334 (4th Cir. 2000).

The Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008). Additionally, the Fourth Circuit Court of Appeals has affirmed a district court order holding that a petitioner could not challenge a sentence enhancement through § 2241. *Rouse v. Wilson*, 584 F. App'x 76, at *1 (4th Cir. 2014), *affirming Rouse v. Wilson*, No. 1:13-CV-748-GBL-TRJ (E.D. Va. Feb. 19, 2014) (holding a petitioner could not proceed with his claims under § 2241 to challenge the career offender enhancement); *see also Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to the ACCA sentence enhancement was not cognizable under § 2241 via § 2255(e)).

In light of the holdings of the Fourth Circuit Court of Appeals, the Court finds that Petitioner's challenge to his sentence enhancements under the ACCA and the career offender guidelines are not appropriate for review under § 2241. Accordingly, summary judgment is appropriate.

**Actual Innocence**

Petitioner also argues that he is actually innocent of being a felon in possession of a firearm under § 922(g)(1) because his three prior convictions no longer apply under the statute, and, accordingly, his petition is eligible for review under the "savings clause." [Doc. 1 at 9.] Petitioner contends that, under *Simmons*, his North Carolina conviction for breaking and entering is no longer applicable because it was not punishable for more than one year. [*Id.* at 8.] Further, Petitioner argues his two Virginia convictions for assault and battery are not crimes of violence. [*Id.*] Petitioner concludes that because he had not been

10

convicted of any applicable predicate crimes, he is actually innocent of his conviction under § 922(g)(1). [*Id.* at 9.]

The Fourth Circuit Court of Appeals held in *Farrow* that a petitioner's claim that he was actually innocent of his underlying § 922(g)(1) conviction was cognizable under § 2241 through the savings clause of § 2255. 541 F. App'x at 328. Cognizable claims of actual innocence must be based on "factual innocence not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

18 U.S.C. § 922(g) states:

> It shall be unlawful for any person--
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> \*\*\*
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Here, Petitioner is unable to establish actual innocence for his conviction under § 922(g)(1) because Petitioner has not alleged that the conduct for which he was convicted in Virginia is no longer criminal.[6]  Petitioner argues that his convictions in Virginia were not violent

---

[6]Petitioner appears to confuse the elements of the career offender guidelines and the ACCA with the elements of § 922(g)(1). A petitioner is a career offender when is it is determined that:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

11

crimes; however, § 922(g)(1) does not require convictions for violent crimes.  In Virginia, Petitioner was sentenced to five years custody, suspended upon certain conditions, for his conviction for assault and battery against a family member- 3rd [Doc. 26-2], thereby fulfilling the requirement of § 922(g)(1) that Petitioner must have been previously convicted of a crime punishable by more than one year.  Accordingly, Petitioner had a valid predicate felony conviction at the time that he pleaded guilty to being a felon in possession of a firearm.  Petitioner's § 922(g) conviction was based, in part, on valid convictions in Virginia and the substantive change in law set forth in *Simmons*, applicable only to North Carolina convictions, did not serve to render his Virginia convictions noncriminal.[7]  Accordingly, Petitioner cannot satisfy the second element of the *Jones* test and his instant Petition does

---

U.S.S.G. 4B1.1(a).  A petitioner is an armed career criminal, for purposes of the ACCA, if he:

> . . . violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . .

18 U.S.C. § 924(e)(1).  Section 922(g), however, does not require a predicate crime of violence.

To the extent that Petitioner alleges he is actually innocent under the career offender guidelines and the ACCA, because his prior conviction is not violent, the Court finds the argument is not cognizable. *See United States v. Pettiford*, 612 F.3d 270 (4th Cir. 2010) (holding that a petitioner's contention that his prior conviction should not be classified as a violent felony is not cognizable as a claim of actual innocence).

[7]Because a plain reading of § 922(g) requires only one applicable predicate felony conviction, the court declines to address Petitioner's argument that his North Carolina conviction is no longer an applicable predicate felony conviction for purposes of § 922(g). The Court notes that Petitioner is able to apply for permission from the Fourth Circuit Court of Appeals to file a second § 2255 to address this issue.

not establish that § 2255 is inadequate or ineffective to test the legality of detention. Thus, summary judgment is appropriate.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 16, 2015
Greenville, South Carolina