UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

William J. Almond

                    Petitioner,

vs.

Warden Braggs,

                    Respondent.

Civil Action No.: 8:14-1194-BHH

**Opinion and Order**

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 13), which recommends that the respondent Warden Braggs' ("the respondent") motion for summary judgment (ECF No. 18) be granted, and the § 2241 petition be denied. The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

The petitioner William J. Almond ("the petitioner" or "Almond"), a federal inmate at FCI-Bennettsville, who is proceeding *pro se* brought this action pursuant to 28 U.S.C. § 2241 challenging the enhancement of his federal sentence under the Armed Career Criminal Act ("ACCA") and the career offender guidelines. On March 6, 2007, the petitioner was sentenced to 324 months of incarceration. The petitioner's sentence was enhanced under the ACCA and the career offender guidelines as a result of three prior applicable convictions.

On March 27, 2014[1], the petitioner filed this action pursuant to 28 U.S.C. § 2241. The petitioner alleges that he no longer qualifies for an enhanced sentence under the ACCA because his prior conviction in North Carolina for breaking and entering no longer constitutes a predicate offense under the ACCA in light of the Fourth Circuit Court of Appeal's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). The petitioner also argues he no longer qualifies for a sentence enhancement under the career offender guidelines because his two prior convictions for assault and battery in Virginia do not qualify as crimes of violence. He also claims he is actually innocent.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Jacquelyn D. Austin. On January 16, 2015, the Magistrate Judge issued a Report recommending that the respondent's motion for summary judgment (ECF No. 18) be granted, and the § 2241 petition be denied because, *inter alia*, the petitioner's challenge to his sentence enhancements under the ACCA and the career offender guidelines are not appropriate for review under § 2241, and the petitioner does not satisfy the savings clause of § 2255. The petitioner filed objections on February 2, 2015 (ECF No. 32).

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo*

---

[1] **Error! Main Document Only.**This filing date reflects that the envelope containing the petition was stamped as having been received on March 27, 2014, by the Federal Correction al Inst. (ECF No.1-1.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

2

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a prisoner's action if it determines that the action: "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of

a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## **DISCUSSION**

Upon review, the petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The petition for a writ of habeas corpus pursuant to § 2241 must be denied for the reasons set forth in the Magistrate Judge's concise and thorough report. With regard to the petitioner's challenge to his sentence enhancement, the Magistrate Judge found that Almond's petition is, in fact, a successive motion pursuant to § 2255, and that Almond is not entitled to challenge his federal sentence under § 2241 because he does not satisfy the savings clause of § 2255. As the Magistrate Judge correctly noted, the Fourth Circuit Court of Appeals has not extended the savings clause of § 2255 to petitioners challenging only their sentences, indicating that a petitioner must be challenging the legality of his *conviction*, not just his sentence. See *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). The petitioner's arguments, while interesting, do not address the clear Fourth Circuit authority upon which the Magistrate Judge relied, and his objection is, accordingly, overruled.

The Magistrate Judge also correctly rejected the petitioner's claim that he is "actually innocent." That the petitioner might not be eligible for the sentence he received were he sentenced today does not mean that he is "actually innocent" of

being a felon in possession of a firearm. As the Magistrate Judge clearly explained the fact that the petitioner's prior convictions from Virginia may no longer be classified as "violent" does not mean that they are no longer felonies.

## **CONCLUSION**

After a thorough, *de novo* review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. The respondent's motion for summary judgment (ECF No. 18) is GRANTED and Almond's petition is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 16, 2015
Greenville, South Carolina